(94 South. 438)

No. 25440.

## CITY OF SHREVEPORT v. WANGER.

(Nov. 27, 1922.)

*(Syllabus by Editorial Staff.)*

1. **Municipal corporations** ⬤⟜121—**Motion to quash affidavit charging violation of ordinance as unconstitutional and ultra vires without specifying reason not considered.**

A motion to quash an affidavit charging violation of a city ordinance on the ground that it was unconstitutional and ultra vires, without giving any reason why it should be so considered, is too vague to be considered by the Supreme Court.

2. **Municipal corporations** ⬤⟜592(3) — **Ordinance imposing same maximum specified in statute and also minimum held authorized.**

Under Act No. 25 of 1920, authorizing the council of Shreveport to impose fines for breach of its ordinances not exceeding $600 and not exceeding 60 days' imprisonment, an ordinance fixing the same maximum penalty specified in the statute and fixing a minimum penalty was within the authority conferred.

3. **Intoxicating liquors** ⬤⟜11—**Ordinance held not to depend for validity on particular statute.**

An ordinance of the city of Shreveport, forbidding the possession of whisky for beverage purposes without authority from the federal authorities, does not depend for its validity on Act No. 39 of 1921, relative to intoxicating liquors.

4. **Municipal corporations** ⬤⟜642(1)—**Amendment of sentence after appeal perfected held not before the Supreme Court for consideration.**

An amendment of sentence for violation of an ordinance, to accused's advantage and on his motion, after the appeal had been perfected and the trial court had ceased to have jurisdiction, *held* not before the Supreme Court for consideration.

Appeal from City Court of Shreveport; David B. Samuel, Judge.

Alex Wanger was convicted of violating an ordinance of the City of Shreveport, and he appeals. Affirmed.

Charles F. Crane, of Shreveport, for appellant.

George G. Dimick, Asst. City Atty., and W. H. Scheen, both of Shreveport, for appellee.

By the WHOLE COURT.

PROVOSTY; C. J. Accused was convicted in the city court of the city of Shreveport, on an affidavit charging him with violation of city ordinance of that city, No. 180, by having in his possession whisky for beverage purposes without authority from the federal authorities.

[1] He moved to quash the affidavit on the ground that it was unconstitutional and ultra vires, without giving any reasons why said ordinance should be so considered. Grounds so vaguely stated are not noticed by this court. And we may add that no appearance has been made in this court for accused, and no brief filed in his behalf.

[2] Another ground is that the said ordinance provides greater penalties than does the statute by virtue of which it was passed.

It does not. For fixing the maximum penalty the language of both is the same, to wit, "not exceeding" $600 and 60 days. Act 25, p. 27, of 1920.

The ordinance might have required this maximum to be imposed in all cases, leaving nothing to the discretion of the judge. Instead of this, it fixed this maximum and also fixed a minimum. The statute confers full authority to the city council to fix the penalty, within the limits of $600 and 60 days.

[3] Other grounds stated separately in the motion may be considered together, and are, in substance, that the ordinance is invalid because "broader" than Act 39 of 1921, in that it does not except wine and beer, whereas the statute does under certain conditions.

Suffice it to say that the ordinance does not depend upon said act for its validity.

[4] After the appeal had been perfected, and the trial court had thereby ceased to have jurisdiction of the case, the sentence was, on motion of accused, amended to his advantage. We mention this matter merely to say that it is not before us for consideration.

Judgment affirmed.

O'NIELL, J., being absent from the state, takes no part in the decision of this case.